UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:23-CR-00088-DCLC-CRW |
| v. | ) | |
| NICOLE RENEE TIPTON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 214]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 223]. The Government has filed a response in opposition. [Doc. 245]. This matter is now ripe for consideration. For the following reasons, this motion is denied.

**I.      BACKGROUND**

On January 3, 2024, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine [*See* Docs. 66, 72]. Based on a total offense level of 37 and a criminal history category of IV, Defendant's guideline range was 292 to 365 months [Doc. 94, ¶ 78]. The Court sentenced Defendant to 188 months' imprisonment [Doc. 135]. Defendant is currently housed at FCI Tallahassee with a projected release date of August 28, 2036. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 22, 2025). She now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 106].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. Defendant was sentenced in May 2024, after Amendment 821 had already been incorporated into the Sentencing Guidelines; therefore, she already received the full benefit of the amendment. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 214] is **DENIED**.

2

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge